## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 26 2015, 9:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Jeffrey L. Sanford | Gregory F. Zoeller |
| South Bend, Indiana | Attorney General of Indiana |
| | |
| | Karl Scharnberg |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patrick Kene Talley, | August 26, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 71A03-1412-CR-456 |
| v. | Appeal from the St. Joseph Superior Court |
| State of Indiana, | The Honorable J. Jerome Frese, Judge |
| *Appellee-Plaintiff* | Cause No. 71D03-1406-FA-10 |

**Najam, Judge.**

## Statement of the Case

[1] Patrick Kene Talley appeals his conviction for attempted murder, a Class A Felony, and battery, as a Class C Felony, following a jury trial. Talley raises a single issue for our review, namely, whether the State presented sufficient identification evidence to support his conviction. We affirm.

## Facts and Procedural History

[2] In the early morning hours of June 8, 2014, a group of people, which included Talley, Damario Lane, and Dashun Taylor, were at Club Sky, a nightclub in Mishawaka. Around 3:00 a.m., Tally engaged in conversation with Lane in the club's parking lot. Talley then fired multiple shots from a gun at Lane and Taylor, resulting in multiple gunshot wounds to Lane and a single gunshot wound to Taylor. Taylor and Jeremy Mack saw Talley shoot Lane and Taylor.

[3] A crowd of people gathered around the victims. Some from the crowd pointed toward a tan Chrysler Sebring that was driving away and shouted "he's getting away." Tr. at 43-44, 145. Officers Bruce Faltynski and Joseph Kasznia heard those statements, saw a tan Chrysler Sebring drive away from the scene of the shootings, and relayed that information to dispatch. Officers Jason Barthel and Jonathan Bogart heard that information on dispatch and followed the tan Chrysler Sebring from the scene of the shootings to a place approximately two miles away where the vehicle crashed. After the crash, Officers Barthel and Bogart saw Talley jump out of the driver's seat of the vehicle and run away. Officer Bogart saw a gun in Talley's hand as Talley ran away from the car and

tried to jump a fence. Officer Bogart drove his police vehicle into the fence Talley was attempting to scale and apprehended Talley. The police then found the gun used in the shootings laying on the ground within throwing distance (approximately thirteen feet) from the fence Talley had attempted to climb. No one other than Talley and police officers were around the fence area.

[4] On June 9, 2015, the State charged Talley with attempted murder, a Class A felony, and battery, as a Class C felony. Talley was tried, and a jury found him guilty as charged. The trial court entered judgment of conviction and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

[5] Talley asserts that the State presented insufficient identification evidence to support his convictions for attempted murder and battery. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id*. If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id*.

[6] Pursuant to Indiana Code Sections 35-42-1-1 and 35-41-5-1, to prove Talley attempted to murder Lane, the State was required to show that Talley, with intent to commit the crime of murder, did act in a way that constituted a

substantial step toward the commission of murder. Intent to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or serious injury. *Mendenhall v. State*, 963 N.E.2d 553, 568 (Ind. Ct. App. 2012), *trans. denied*. Pursuant to Indiana Code Section 35-42-2-1(a)(3) (now I.C. § 35-42-2-1(b)(1) and (f)(2), effective July 1, 2014), to prove Talley committed battery, as a Class C felony, against Taylor, the State was required to show that Talley knowingly touched Taylor in a rude, insolent or angry manner using a deadly weapon. On appeal, Talley alleges only that the State failed to provide sufficient evidence of his identity as the perpetrator of these crimes. We cannot agree.

[7] Long-standing precedent from our supreme court holds that, where a defendant's conviction is based upon his or her identification as the perpetrator by even a sole eyewitness, such identification is sufficient to sustain a conviction if the identification was unequivocal. *Richardson v. State*, 270 Ind. 566, 569, 388 N.E.2d 488, 491 (1979). Here, at Talley's trial, both Taylor and Mack testified that Talley was the person who they saw fire multiple shots at Lane and Taylor, and that testimony was unequivocal. Thus, the State provided sufficient evidence of Talley's identity as the perpetrator of the attempted murder of Lane and the battery against Taylor.

[8] Still, Talley suggests that Mack and Taylor's testimony could be unreliable. But that is simply a request that the court reweigh the testimonial evidence

presented to the jury.[1]  That we will not do.  It is for the fact-finder to determine a witness's reliability.  *Gorman v. State*, 968 N.E.2d 845, 849 (Ind. Ct. App. 2012) (citing *Perry v. New Hampshire*, ___ U.S. ___, 132 S. Ct. 716 (2012)).  As we noted in *Gorman*, we will not second-guess a fact-finder's assessment of an eyewitness's testimony.  *Id*.

[9]    Moreover, while we will not require proof in addition to eye-witness testimony, *Id*., the record also contains circumstantial evidence to corroborate that testimony.  For example, Officer Bogart saw a gun in Talley's hand as Talley fled from the crashed vehicle to the fence; the police found the gun used in the shootings within throwing distance of the fence where Talley was finally apprehended; and no one other than Talley and the police were in the area around the fence in the moments leading up to discovery of the gun.

[10]   Affirmed.

       Kirsch, J., and Barnes, J., concur.

---

[1] Talley suggests that we take into consideration the witness reliability factors discussed in *State v. Henderson*, 27 A.3d 872 (N.J. 2011).  However, we already refused to do so in *Gorman v. State*, 968 N.E.2d 845, 849 (Ind. Ct. App. 2012), where we noted that the *Henderson* factors offer a "process of weighing evidence and judging witness credibility, in which appellate courts should not engage."